UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAHESHA LAVELL CARTER,

                         Plaintiff,

                                                                        **MEMORANDUM &
                                                                        ORDER**
              -against-                                                        21-CV-7038-SJB

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405, Plaintiff Tahesha Carter challenges the final determination of the Commissioner of Social Security denying her application for disability benefits and supplemental social security income. The parties have made cross motions for a judgment on the pleadings.

       The Court's task is to determine whether upon a "plenary review of the administrative record" there is "substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). A Social Security Administration administrative law judge ("ALJ") must follow a five-step process, outlined in the Code of Federal Regulations, (*see* 20 C.F.R. § 404.1520(a)(4)(i)-(v)), to determine whether a claimant is disabled. *See generally Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022) (detailing five-step process and associated burden-shifting).

       "A review of the certified administrative record and relevant case law reveals that the ALJ applied the correct legal standards," *Hunter v. Comm'r of Soc. Sec.*, No. 22-787, 2023 WL 2604913, at *1 (2d Cir. Mar. 23, 2023), in concluding that Plaintiff has not been under a disability from June 6, 2019 through the date of the ALJ decision. In so

doing, the ALJ rejected Plaintiff's claim that she was disabled as a result of her carpal tunnel syndrome and sciatica, and found she had residual functional capacity to perform light work, with some limitations in her left-hand and upper left shoulder and arm: "the claimant cannot push or pull with the left (non-dominant) upper extremity.  The claimant cannot be exposed to moving machinery.  The claimant cannot handle or manipulate with the left (non-dominant) hand.  The claimant can occasionally reach in all directions with the left (non-dominant) upper extremity." (Administrative Tr., Dkt. No. 9 at 17).

Counsel for Plaintiff contends that the ALJ committed legal error because the ALJ failed to properly evaluate the opinion of the treating source doctors (Dr. Shiush Wang and Dr. Alan David) or the consulting examiner (Dr. David Schaich), a neurologist.  (Mem. in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl.'s Mem."), Dkt. No. 11 at 9–15).  Specifically Plaintiff contends that the ALJ (a) failed to explain why she found the reasoning of these doctors unpersuasive; (b) failed to perform a proper analysis of the supportability or consistency of Dr. David's opinions; and (c) improperly "cherry picked" opinions from Dr. Wang that supported the ALJ's ultimate conclusion.  (*Id.* at 11–12).

These arguments are not a basis to reject the ALJ's conclusions and they do not amount to legal error.

That Plaintiff can identify competing evidence in the record from which a contrary conclusion about her disability may be drawn does not carry the day.  For example, that there are elements of Dr. David's report that suggest Plaintiff is disabled does not carry Plaintiff's burden.  And the ALJ was permitted to reject Dr. David's conclusions in light of Plaintiff's own daily activities she could perform, her testimony,

2

evidence from Plaintiff's medical records and exams, including x-rays, and evidence from other medical exams, including consulting examinations. (Administrative Tr. at 20–21). That is, Plaintiff's arguments do not demonstrate that the ALJ's decision is not supported by substantial evidence: "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). And "an ALJ is free . . . to choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quotations omitted). In the end, the "substantial evidence standard is 'not high.'" *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022) (quoting *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Tibbles v. Comm'r of Soc. Sec.*, No. 22-CV-1127, 2023 WL 3477127, at *1 (2d Cir. 2023) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (same). The Commissioner's "findings of fact must be upheld unless a 'reasonable factfinder would *have to conclude otherwise*.'" *Id.* (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)).[1]

As for the argument that the ALJ failed to explain the reasons for rejecting the opinions of Dr. David, including by not evaluating the consistency or supportability of the opinion—*e.g.*, *Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 266–67 (E.D.N.Y. 2021) ("The ALJ must 'explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative

---

[1] And it is similarly without merit that in conducting its analysis, the ALJ only considered Dr. David's opinion against the ALJ's own conclusions about non-severity, as the discussion on pages 11–12 of the ALJ opinion shows. (Administrative Tr. at 20–21).

3

medical findings.'" (alteration in original))—that is belied by the ALJ's decision itself. (Administrative Tr. at 20–21).  It appears that Plaintiff assumes that because the ALJ did not use the words "consistency" or "supportability" no analysis of those factors occurred.  But the ALJ did conduct such an analysis—explaining how Dr. David's opinions contradicted his own medical records and were in tension with the findings of the other evidence—notwithstanding the failure to use those words or cite the relevant regulations.  (*Id.*).  And so long as "a searching review of the record" assures "that the substance of the [regulation] was not traversed," *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (alteration in original) (citations omitted), affirmance is appropriate.  That is the case here. *See Ricky L. v. Comm'r of Soc. Sec.*, No. 20-CV-7102, 2022 WL 2306965, at *4 (W.D.N.Y. June 27, 2022) ("Based on this reasoning, it is clear from his decision that the ALJ considered the supportability and consistency of Dr. Sandler's opinion in the context of the other opinion evidence and the medical records and treatment notes.").

With respect to Dr. Wang, the argument that the ALJ could not consider some portions of the opinion persuasive, while rejecting others, is without merit. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (affirming ALJ decision to credit some opinions while rejecting other opinions of the same doctor).  As for alleged "cherry-picking," an ALJ is permitting to accept certain conclusions and reject others, so long as it does with explanation.  *David H. v. Comm'r of Soc. Sec.*, No. 21-CV-447S, 2023 WL 3316579, at *4 (W.D.N.Y. May 9, 2023) (internal citations omitted)  ("Nor do ALJs impermissibly 'cherry pick' when they accept only a portion of a medical opinion, particularly when they explain their reasons for doing so."); *cf. Klemens v. Berryhill*, 703 F. App'x 35, 38 (2d Cir. 2017) ("In short, based on our review of the certified

administrative record, the ALJ simply failed to acknowledge relevant evidence or explain his implicit rejection of the conflicting evidence."). The ALJ did so. Though Plaintiff contends that the ALJ could not reject Dr. Wang's conclusion that Plaintiff can lift and carry ten pounds—and conclude instead that Plaintiff can lift and carry 20 pounds—the ALJ's decision to do so was supported by substantial evidence, including medical exams and the daily activities Plaintiff testified she could perform. (Administrative Tr. at 22). Again, that Plaintiff can identify other record evidence to counter the ALJ's decision in this regard does not warrant remand. "Rejecting [Dr. Wang's] opinion here in favor of contrary evidence was a proper exercise of discretion." *Morris v. Berryhill*, 721 F. App'x 25, 29 (2d Cir. 2018).

The remaining arguments raised by Plaintiff are without merit.[2] As such, and upon consideration of the record as whole, the Court concludes that that the ALJ's decision is supported by substantial evidence, and the Court must affirm the decision of the Commissioner.

The Commissioner's motion is granted; Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s/*Sanket J. Bulsara* June 14, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[2] In a single sentence, devoid of explanation, Plaintiff alleges that the ALJ failed to evaluate Dr. Schaich's opinions, but the ALJ considered and rejected them. (Administrative Tr. at 13–14).

5